United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lisa Mollicone, individually and on behalf of all others similarly situated, Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>) Civil Action No. 17-21468-Civ-Scola<br>) |
| Universal Handicraft d/b/a Deep Sea Cosmetics d/b/a Adore Organic Innovations, and others, Defendants. | )<br>)<br>)<br>) |

**Omnibus Order on Motions to Dismiss**

This matter is before the Court upon the Defendants Universal Handicraft and Shay Sabag Segev's motions to dismiss (ECF Nos. 97, 98). The Court has carefully considered all supporting and opposing submissions, the record in this case, and the applicable law. For the reasons set forth below, the Court **denies** the motions to dismiss.

1. **Background**

This consolidated action began as two cases – one filed by Plaintiff Lisa Mollicone in the United States District Court for the Central District of California (No. 16-cv-07322), and the other filed by Plaintiff Millie Land in this district before Judge Cecilia M. Altonaga (No. 17-cv-21947), in which the Plaintiffs assert claims against the Defendants based upon allegedly false and misleading representations with respect to the anti-aging properties of cosmetics manufactured, marketed and sold by the Defendants. Before Mollicone's case was transferred to this Court from California, the District Judge ruled upon the Defendants' previous motions to dismiss, in which Universal challenged the court's subject matter jurisdiction and the sufficiency of the allegations in the first amended complaint (ECF No. 25), pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically, Universal argued that Mollicone lacked standing (1) to seek injunctive relief because she failed to demonstrate that she is threatened with a concrete and particularized injury; (2) to assert claims regarding products she did not buy; and (3) to assert claims based on laws of states outside California and New Jersey. (ECF No. 28.) In addition, and relevant to the Court's consideration of the present motion, Universal argued that Mollicone failed to

plead her fraud-based claims with particularity and that her allegations supported only a claim for lack of substantiation under California law. In her order, Judge Christina Snyder denied Universal's motion on these grounds. *Mollicone v. Universal Handicraft*, No. 2:16-cv-0732-CAS(MRWx), 2017 WL 440257, at *14 (C.D. Cal. Jan. 30, 2017).[1] Thereafter, Mollicone filed a second amended complaint, which Universal answered. (ECF No. 46.) Subsequently, pursuant to Universal's motion, Judge Snyder transferred Mollicone's case to this district (ECF No. 57). Upon the parties' stipulation (ECF No. 91), this Court consolidated Mollicone's case with Plaintiff Land's case, and required the Plaintiffs to file a third amended complaint (ECF No. 94). In response to the third amended complaint, the Defendants have filed the instant motions to dismiss.

2. **Legal Standards**
   a. **Standing and dismissal for lack of subject matter jurisdiction**

Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264-65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims, and the court is powerless to continue." *Id.* (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560-61; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (stating same).

---

[1] Judge Snyder granted Defendant Segev's motion pursuant to Rule 12(b)(5) on the basis that Mollicone failed to serve him properly because she did not obtain a summons for him. *Id.* at *6.

### b. Dismissal for failure to state a claim

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

### 3. Universal's motion (ECF No. 97)

Universal's motion once again challenges the Court's subject matter jurisdiction and the sufficiency of the allegations in the third amended complaint, which is based upon the same factual allegations as the first and second amended complaints. In its motion, Universal argues for dismissal on the basis that (1) in Florida, fraud and deceit claims cannot be maintained as a class action; (2) the claims for unpurchased products must be dismissed for

lack of standing; (3) all the claims must be dismissed for failure to allege facts plausibly showing actual falsity; (4) the intentional fraud claim fails to allege facts plausibly showing the Defendants' knowledge; (5) Mollicone's negligent misrepresentation claim must be dismissed pursuant to the economic loss rule; (6) Land did not observe and rely upon any advertising prior to her purchase; and (7) the third amended complaint as a whole is a shotgun pleading. In the alternative, Universal requests that the Court strike certain allegations and require a more definite statement with respect to others.

At the outset, the Court notes that pursuant to the parties' stipulation, the Defendants agreed not to "renew any arguments already made and rejected in this action in their challenge to Plaintiff's proposed amended claims." (ECF No. 91.) Thus, to the extent that Universal attempts to re-assert any arguments, purportedly on behalf of Land, already ruled upon by the California court with respect to Mollicone, the Court will not consider such arguments. Moreover, with respect to Mollicone's claims specifically, and notwithstanding the parties' stipulation, Universal's motion is improper under Rule 12(g). "[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to a party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "The purpose of Rule 12(g)(2) is to avoid unnecessary delay at the pleading stage by encouraging the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." *Hummel v. Tamko Building Products, Inc.*, No. 6:15-cv-910-Orl-40GJK, 2016 WL 7340301, at *4 (M.D. Fla. Mar. 28, 2016) (internal quotations and citation omitted). "A defense is unavailable for purposes of Rule 12(g)(2) if its legal basis did not exist at the time of the answer or pre-answer motion, so that it was for all practical purposes impossible for the defendants to interpose their defense." *Noveshen v. Bridgewater Assocs., LP*, No. 13-CV-61535-KAM, 2015 WL 11170928, at *3 (S.D. Fla. July 20, 2015) (Marra, J.) (internal citation and quotations omitted). As such, the only arguments remaining for the Court's consideration are Universal's first, sixth, and seventh arguments.

### A. The Court will not dismiss the third amended complaint as a shotgun pleading

Universal's seventh argument fails because the addition of another named plaintiff's claims does not render the complaint an impermissible shotgun pleading. "The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire

complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnotes omitted). While the Court recognizes that the substantive counts in the third amended complaint are not a model of drafting and reincorporate the allegations preceding them, the Court does not find that such a technical violation alone renders the third amended complaint so confusing as to justify dismissal in this case.

### B. The Court will not dismiss the fraud claims at this stage

Universal argues that claims based on fraud and deceit may not be maintained as a class action under Florida law because individual issues predominate. Therefore, Universal argues, such claims are unsuitable for class treatment, relying primarily on *Kondell v. Blue Cross & Blue Shield of Florida, Inc.*, 187 F. Supp. 3d 1348, 1361-62 (S.D. Fla. 2016) (Rosenberg, J.), in which the court stated in the insurance context that common law claims for fraud "may not be asserted on behalf of a class in Florida." *Kondell*, 187 F. Supp. 3d at 1361. However, "[t]he question of class certification is generally not addressed on a motion to dismiss." *Chaney v. Crystal Beach Capital, LLC*, No. 8:10-cv-1056-T-30TGW, 2011 WL 17639, at *2 (M.D. Fla. Jan. 4, 2011). Indeed, dismissal based on class action allegations is "an extreme remedy appropriate only where a defendant demonstrates 'from the face of the complaint that it will be impossible to certify the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove." *Oginski v. Paragon Props. of Costa Rica, LLC*, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011) (King, J.) (citing *Romano v. Motorola, Inc.* 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) (Brown, M.J.) (internal alterations omitted). The Plaintiffs have not yet sought class certification in this case, thus, whether or not a particular class should be certified is an inquiry better reserved after full briefing of a motion for class certification, and a full consideration of the relevant factors under Rule 23 of the Federal Rules of Civil Procedure.

### C. The allegations of reliance are sufficient

Universal argues that the Plaintiffs fail to sufficiently allege that Land relied on any advertising, label, or statement prior to purchasing the Defendants' product. However, upon a review of the third amended complaint, the Plaintiffs set forth in detail the misrepresentations made by the Defendants, and allege that they justifiably relied on the Defendants' misrepresentations and omissions in making the decision to purchase the Defendants' products, and altered their position in reliance on the Defendants'

representations and warranties. (Third Am. Compl. ¶¶ 136, 143, 146; ECF No. 95.) These allegations are sufficient.

### D. Universal's motions to strike and for more definite statement in the alternative are improper

Universal moves, in the alternative, to strike certain allegations in the third amended complaint, and for a more definite statement. Universal's motions are also improper under Rule 12(g). *See Chen*, 2011 WL 1085646, at *2 ("Under the plain language of Rule 12(g), the limitation on further motions applies to 'a motion under this rule.' The Rule 12(b)(6), 12(e) and 12(f) challenges fall under Rule 12 because they are all part of the rule.") The allegations and attachments that Universal now seeks to strike, or that Universal contends require a more definite statement, are identical to allegations and attachments to the first and second amended complaints, and which Universal did not challenge. Therefore, Universal's alternative relief is denied.

### 4. Segev's motion (ECF No. 98)

Segev moves to dismiss the third amended complaint under Rule 12(b)(6) for failure to state a claim, arguing that the Plaintiffs fail to differentiate between Universal and Segev in their allegations, they fail to allege any specific conduct by Segev, and that they fail to sufficiently allege an aiding and abetting theory, corporate officer liability, or to establish an alter ego theory.[2] Because the Court finds the Plaintiffs' allegations to be sufficient, the Court denies Segev's motion.

First, the Defendants already challenged, under Rule 9(b), the sufficiency of the allegations in the first amended complaint, which is factually identical to the third amended complaint. The California court already found those allegations to be sufficient, therefore this Court will not revisit that decision. Moreover, with respect to Segev's involvement specifically, the Plaintiffs allege that Segev is the president of Universal, the incorporator, and one of the company's directors. (Third Am. Compl. ¶ 22; ECF No. 95.) The Plaintiffs allege further that as the president, Segev directs and controls the marketing and labeling of the Adore products, that Segev dominates the management and control of Universal, that he exercises total operational control and decision-making power including product origination and development, marketing, sales, and promotion, and that he actually participated in the conduct alleged. (*Id.* ¶¶ 103, 107, 111, 113.)

---

[2] Segev also purportedly incorporates the arguments made by Universal in its motion, which the Court has already denied for the reasons set forth above.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). These allegations include the "who, what when where, and how of the misconduct charged." *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2013 WL 5407039, at *2 (N.D. Cal. Sept. 25, 2013) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *see also Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008) ("under Rule 9(b), it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent."). Upon review, the Plaintiffs allege sufficient facts to satisfy Rule 9(b) with respect to Segev, in that they allege that both Universal and Segev, as the person directing Universal (the "who"), made misleading representations in marketing the Adore products (the "what"), since 2012 (the "when"), on the Defendants' website, social media, and product packaging (the "where"), by touting anti-aging effects through their marketing (the "how"). As such, the allegations are sufficient.

Segev also urges dismissal of the claims against him arguing that the Plaintiffs fail to sufficiently allege a basis for liability under the theories of aiding and abetting, corporate officer liability, or alter ego. Segev fails to support his argument regarding aiding and abetting with any citations to authority. "On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id.* (citing S.D. Fla. L.R. 7.1(a)(1)). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id.* (citing *Super. Energy Servs., LLC v. Boconco, Inc.*, No. 09-0321, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 26, 2010) and *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986)). The Court will not do Segev's research for him.

With respect to the allegations of corporate officer liability and alter ego, the Court finds the third amended complaint to be sufficient to withstand dismissal. Whether the Plaintiffs will ultimately be able to prove that Segev should be held liable pursuant to these theories is a determination for another day.

### 5. Conclusion

Therefore, for the reasons set forth above, the Defendants' motions (**ECF Nos. 97 and 98**) are **denied**.

**Done and ordered** at Miami, Florida, on November 28, 2017.

_____
Robert N. Scola, Jr.
United States District Judge