United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lisa Mollicone, individually and on behalf of all others similarly situated, Plaintiffs, <br><br> v. <br><br> Universal Handicraft d/b/a Deep Sea Cosmetics d/b/a Adore Organic Innovations, and others, <br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 17-21468-Civ-Scola ) ) ) ) ) |

### Order Preliminarily Certifying Settlement Class, Granting Preliminary Approval of Settlement, and Setting Final Fairness Hearing

The Plaintiffs Lisa Mollicone and Millie Land, on their own behalf and on behalf of the Class defined below (hereafter collectively referred to as "Plaintiffs" or "Class Representatives") and Law Offices of Ronald A. Marron, APLC and Cullin O'Brien Law, PA (together, "Class Counsel") on behalf of the Plaintiffs, and by Defendants Universal Handicraft, Inc. and Shay Sabag Segev (hereafter collectively referred to as "Defendants") through their Counsel, have jointly requested preliminary approval of the proposed settlement in the above captioned action. (Mot., ECF No. 119.) The Court has reviewed and considered the parties' joint motion for preliminary approval and supporting materials filed by Class Counsel and Defendants' Counsel, the record in this case, and the applicable law. Accordingly, the motion (ECF No. 119) is **granted** as follows:

  1. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and venue is proper in this district.

  2. The Court has personal jurisdiction over the Class Representatives, Settlement Class Members and Defendants.

  3. The settlement is the product of arm's length bargaining conducted by experienced legal counsel after extensive discovery and with the assistance of an impartial mediator. The Settlement Agreement is not the result of collusion.

  4. The proceedings that occurred before the parties reached the Settlement Agreement gave counsel and the parties an opportunity to

adequately assess the strengths and weaknesses of their respective positions in this case, and, thus, to structure the settlement in a way that adequately accounts for those strengths and weaknesses.

5. The settlement falls well within the range of reason, and has no obvious deficiencies.

6. Because the settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the settlement, including the Settlement Agreement and all of its exhibits.

7. The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The Court certifies a Settlement Class of all persons in the United States who purchased, at any time between September 29, 2012 and the date that the Class Notice is first disseminated in this action, one or more of the subject Adore Products marketed as containing a plant stem cell formula. Excluded from the Settlement Class are: (1) all judges and magistrates who have presided or are presiding over this action (or the judge or Magistrate presiding over the action through which this matter is presented for settlement); (2) the Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) retailers of the Adore Products; (4) persons who properly execute and file a timely Request for Exclusion from the class; and (5) legal representatives, successors or assigns of any such excluded person.

8. The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

a) Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class.

c) Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that they represent.

d) Pursuant to Fed. R. Civ. P. 23(a)(4), the Plaintiffs Lisa Mollicone and Millie Land will fairly and adequately protect and represent the interests of all members of the Settlement Class. The interests of Ms. Mollicone and Ms. Land are not antagonistic to those of the Settlement Class. Ms. Mollicone and Ms. Land are represented by counsel who are experienced and competent in the prosecution of complex class action litigation. Accordingly, the Court

appoints the Plaintiffs Lisa Mollicone and Millie Land as Class Representatives for the Settlement Class.

9. The Court further finds that the requirements of Rule 23(b)(3) are satisfied, for settlement purposes only, as follows:

a) Questions of law and fact common to the members of the Settlement Class predominate over questions that may affect only individual members; and

b) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

10. The Court has reviewed the content of the Notice and the Claim Form and finds that they satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process. Accordingly, the Court approves the Notice and Claim Form.

11. This Court further approves the methods for giving notice of the settlement to the members of the Settlement Class, as reflected in the Settlement Agreement and proposed in the parties' joint motion for preliminary approval. In addition to the Class Notice, the Court has also reviewed the notice procedures and finds that the members of the Settlement Class will receive the best notice practicable under the circumstances. The Court also approves payment of the costs of notice as provided in the settlement. The Court finds that the notice procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process.

12. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and appoints Ronald A. Marron, APLC and Cullin O'Brien Law, PA as Settlement Class Counsel pursuant to Rule 23(g).

13. The Court further approves the appointment of CLASSAURA, LLC, or equivalent class action administrator identified by the Parties to administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants; communicating with Claimants; and distributing payments to qualified Claimants.

14. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on **August 10, 2018 at 8:30 a.m.**, to consider final approval of the settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Settlement Class should be finally certified for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of

service payments to the Class Representatives. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Settlement Website.

15. Any member of the Settlement Class wishing to object (an "Objector") to the proposed settlement and/or be heard at the Fairness Hearing shall comply with the following procedures:

   a) To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, with a copy delivered to Class Counsel and Defendants' Counsel at the addresses set forth below:

>    Ronald A. Marron
>    **LAW OFFICES OF RONALD A. MARRON**
>    651 Arroyo Drive
>    San Diego, CA 92103
>    Telephone: (619) 696-9006
>    Email: ron@consumersadvocates.com
>
>    Susan J. Latham and Jeffrey D. Feldman
>    **COZEN O'CONNOR**
>    Southeast Financial Center, 30th Floor
>    200 South Biscayne Boulevard
>    Miami, Florida 33131
>    Telephone: 305-358-5001
>    Facsimile: 305-358-3309
>    Email: slatham@cozen.com; jfeldman@cozen.com

   b)    A written objection filed with the Court regarding or related to the settlement shall contain all of the following information: (i) a reference, in its first sentence, to this Litigation, *Lisa Mollicone et al. v. Universal Handicraft, Inc.*, et al., Case No. 1:17-cv-21468-RNS; (ii) the Objector's full, legal name, residential address, telephone number, and email address (along with his/her lawyer's name, business address, telephone number, and email address if objecting through counsel); (iii) a statement describing his/her membership in the Settlement Class, including a verification under oath as to the date, name of the Adore Products purchased, and the location and name of the retailer from whom he or she made the purchase of Adore Products, along with any a receipt or online order confirmation he or she has (if any) reflecting such

purchase and any other information required by the Claim Form; (iv) a written statement setting forth all grounds for the objection, accompanied by any legal support for such objection; (v) copies of any papers, briefs, or other documents upon which the objection is based; (vi) a list of all persons who will be called to testify in support of the objection, if any; (vii) a statement of whether the Objector intends to appear at the Settlement Hearing (Note: if the Objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys representing the Objector who will appear at the Settlement Hearing); (viii) a list of the exhibits the Objector may offer during the Settlement Hearing, along with copies of such exhibits; and (ix) the Objector's signature. In addition, an Objector must, if applicable, include with their objection: (i) the identity of all counsel who represent the Objector, including former or current counsel who may be entitled to compensation for any reason related to the objection; (ii) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, within the United States during the previous five (5) years.

c) Any member of the Settlement Class who files and serves a timely written objection in accordance with this Order may also appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness or adequacy of the proposed settlement. Any attorney representing a member of the Settlement Class for the purpose of making objections must also contemporaneously file a Notice of Appearance with the Clerk and serve copies of such by mail to the counsel listed above.

d) Members of the Settlement Class or their attorneys intending to appear at the Fairness Hearing must, by **July 24, 2018**, serve on Settlement Class Counsel and counsel for Defendants, and file with the Court, a notice of Intent to Appear, which includes: (i) the name, address and telephone number of the Settlement Class member and, if applicable, the name, address and telephone number of the Settlement Class member's attorney (who must file a Notice of Appearance if he/she has not already done so pursuant to Para. 15.c.); (ii) the objection, including any papers in support thereof; and (iii) the name and address of any witness(es) to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

e) Any member of the Settlement Class who does not timely file and serve a Notice of Intent to Appear, and any witness not identified in the Notice of Intent to Appear, shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

16. Members of the Settlement Class who elect not to participate in the settlement (*i.e.,* "opt-out") must submit a written request for exclusion that is postmarked no later than **July 2, 2018**. The Settlement Administrator shall compile a list of all Opt-Outs and the Parties shall file the list of Opt-Outs with the Court by no later than the date of the Fairness Hearing.

17. Any member of the Settlement Class who fails to properly and timely submit a written notice of exclusion shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement and the settlement, including the Release and Order of Final Judgment. The Court shall resolve any disputes concerning the Opt-Out provisions of the settlement.

18. In order to participate in the settlement and receive monies or an electronic gift card from the Settlement Fund, members of the Settlement Class must properly complete a Claim Form (online or in paper format) and submit it to the Claims Administrator. To be effective, any such Claim Form must be postmarked no later than **August 21, 2018** and must otherwise comply with the procedures and instructions set forth in the Claim Form. The deadlines for key events are as follows:

| EVENT | DEADLINE |
| --- | --- |
| Deadline for publishing Notice | April 13, 2018 |
| Filing of papers in support of Final Approval and Class Counsel's Application for Attorneys' Fees and Expenses | July 2, 2018 |
| For filing an objection with the Court, or submitting a Request for Exclusion to the Settlement Administrator | July 2, 2018 |
| Filing of response to objections | July 20, 2018 |
| Final Approval Hearing | **August 10, 2018 at 8:30 a.m.** |
| Deadline for submitting claims forms | August 21, 2018 |

19. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

20. In the event that the Settlement does not become effective for any reason, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement. If the Settlement does not become effective, Defendants and any other released persons shall have retained any and all of their current defenses and arguments thereto

(including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This action shall thereupon revert immediately to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and any related order had not been executed.

21. Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants, or an admission of the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

22. All other proceedings in the Action are stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement. No discovery with regards to this Action, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the Settlement, all Settlement Class Members are barred and enjoined from commencing or prosecuting any action involving any Released Claims.

23. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the settlement. Any disputes or controversies arising with respect to the settlement shall be presented by motion to the Court provided, however, that nothing in this paragraph shall restrict the parties' ability to exercise their rights under Paragraphs 21 and 23 above.

24. The Final Fairness Hearing is set for **Friday, August 10, 2018 at 8:30 a.m. in Courtroom 12-3, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami Florida 33128**.

**Done and ordered** at Miami, Florida, on April 3, 2018.

Robert N. Scola, Jr.
United States District Judge