FILED by ___ D.C.

JUL 03 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Lisa Mollicone, individually** )<br>**similarly situated,**       )<br>                            )<br>    **Plaintiffs,**           )<br>                            )<br>**v.**                         )<br>                            )<br>**Universal Handicraft d/b/a** )<br>**Deep Sea Cosmetics d/b/a**  )<br>**Adore Organic Innovations,**)<br>**and others,**                )<br>                            )<br>    **Defendants.**           ) | **Civil Action No. 17-21468-Civ-Scola** |

### OBJECTION OF PAMELA SWEENEY PRO SE TO THE PROPOSED SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR

NOW COMES, Pro Se Objector, Pamela Sweeney and hereby files these objections to the proposed settlement in this matter.

### I.     PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Pamela Sweeney, Pro Se ("Objector") believes she is a member of the class as defined in that certain Legal Notice of Class Action Settlement which is not dated (the "Notice"). Objector's address and telephone number are listed at the conclusion of this objection.

## II. NOTICE OF INTENT TO NOT APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Fairness Hearing at the Federal Courthouse located at the U.S. District Court for the Southern District of Florida, 400 North Miami Avenue Miami, Florida, 33128 on August 10, 2018 at 8:30am.

## III.   OBJECTOR IS A CLASS MEMBER

After reviewing the Notice, the Objector states that she is a class member with standing to object to the Court's Order for Preliminary Approval of the Settlement by virtue of her purchasing one or more items from the list of covered products. Objector will submit a timely claim.

## IV. REASONS FOR OBJECTING TO THE PROPOSED SETTLEMENT

### A.     The Requested Attorney Fees are Excessive.

Plaintiff Class Counsel requests that the Court award a total of $300,000.00 dollars in attorney fees and costs. The Settlement Fund is valued at $375,000.001 dollars.  The Cash portion available to Class Members is $50,000 dollars. Then there is a "voucher fund" valued at $325,000.00 dollars.

Because the amount of Attorney Fees requested is about the same amount as the settlement amount (before discounting the settlement amount for the voucher discount) the fees are excessive.

### 1. Coupon Settlements under Class Action Fairness Act

The Class Action Fairness Act of 2005("CAFA") in addition to significantly expanding federal jurisdiction over class actions, (federal courts now have original jurisdiction to hear class actions in which: 1) the aggregated damages claim exceeds $5 million, 2) there are at least 100 class members, and 3) at least one plaintiff and one defendant are citizens of different states. *See* 28 U.S.C. §1332(d)(2)) several CAFA provisions require special scrutiny of class action "coupon settlements". Generally district courts must make specific findings that the settlement is "fair, reasonable, and adequate". The court's determination involves a consideration of numerous factors.

One of the most important changes under CAFA is the treatment court's should give to settlements involving coupons. Coupon settlements "have been severely criticized by commentators in the field" and "are strongly disfavored by the Attorneys General of most of the states.". *See Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1321 (S.D. Fla. 2007). Criticism of coupon settlements predates CAFA. *See, e.g., Buchet v. ITT Consumer Fin. Corp.*, 845 F. Supp. 684,

696 (D. Minn. 1994), amended by 858 F. Supp. 944 (proposed coupon settlement rejected after court found that coupon redemption rates in similar cases were so low that the certificates in this case offered no real value to the class). CAFA regulates attorney's fees in coupon settlements by providing that any portion of fees attributable to the award of the coupons "shall be based on the value to class members of the coupons that are redeemed" rather than the theoretical value of the coupons available for redemption. (28 U.S.C. §1712(a)). The rate of coupon redemption can be effected by many different factors including use restrictions, transaction costs and the general desire of a class member to in fact use them in the commercial setting.  Further, because valuation can be complex, CAFA provides that the court "may receive expert testimony...on the actual value to the class members of the coupons that are redeemed."

Substantial creative energy has been spent crafting settlements that resolve class actions and provide class members with a benefit that the parties believe a court will approve as fair, adequate, and reasonable.  Several post-CAFA cases include parameters for how courts should define and value coupon settlements and illustrate the types of settlements that are likely to receive court approval.  Some of these cases reflect an inherent bias against coupon settlements and their derivatives.

Plaintiff claims that their fee request of $300, 000,00 dollars withstands an analysis under either the percentage of the case and an appropriate loadstar cross check and seemingly, on its face it does. Plaintiff's assertion, however, glosses over the fact that settlement values assumes every "voucher" will be redeemed and moreover redeemed at its full value .Class Counsel spends no time analyzing why the value of the vouchers should be $$325,000.00 , the face value of the voucher. They simply state the face value and proceed to analyze the request for fees undaunted by the need to meet its burden of proof regarding value. They offer no expert testimony, no historical data, and no similar cases where the face value of the voucher was the "real "value to the Class. Unlike so many other cases where Class counsel overwhelmed the court with support for it proposition that face value and actual value were one and the same.

### B. Adoption of Other Objections.

The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

Purchased at Westfield Topanga and The Village / Purchased 1.) Cellmax redefining facial cream 2.) Cellmax elite facial serum

## **CONCLUSION**

**WHEREFORE,** This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement; and

3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Date: June 28, 2018

Respectfully submitted,

*Pamela Sweeney*, Pro Se
Pamela Sweeney, Pro Se
2672 Mutchler Road
Madison, WI 53711
(424)-488-4383
pam.sweeney1@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2018, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Southern District of Florida by sending this document via First Class U.S Mail. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via email to the counsel as listed in the Notice.

*Pamela Sweeney*
Pamela Sweeney, Pro Se

SWEENEY
2672 MUTCHLER RD.
MADISON, WI 53711

CLERK OF COURTS
U.S.D.C. SOUTHERN FLORIDA
400 NORTH MIAMI AVE
MIAMI, FL 33128