United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lisa Mollicone, individually and on behalf of all others similarly situated, Plaintiffs, | ) ) ) ) |
| v. | ) ) ) Civil Action No. 17-21468-Civ-Scola |
| Universal Handicraft d/b/a Deep Sea Cosmetics d/b/a Adore Organic Innovations, and others, Defendants. | ) ) ) ) |

**Amended Order Granting Joint Motion for Final Approval of Settlement, Plaintiffs' Application for Service Awards, Class Counsel's Application for Attorneys' Fees and Expenses, and Final Judgment and Dismissal With Prejudice**

On July 2, 2018, Plaintiffs Lisa Mollicone and Millie Land, on their own behalf and on behalf of the Class defined below (hereafter collectively referred to as "Plaintiffs" or "Class Representatives") and Law Offices of Ronald A. Marron, APLC and Cullin O'Brien Law, PA (together, "Class Counsel") on behalf of the Plaintiffs and by Defendants Universal Handicraft, Inc. and Shay Sabag Segev (hereafter collectively referred to as "Defendants") through their Counsel, filed a Joint Motion for Final of the Settlement in this Action. (ECF No. 121.) On July 2, 2018, Plaintiffs also filed an Unopposed Application for Service Awards and for Class Counsel's Attorneys' Fees and Expenses. (ECF No. 122.) Following notice to the Settlement Class, only six Settlement Class members opted-out and one objection was filed by objector Pamela Sweeney. (ECF No. 123.)

This matter came before the Court on August 10, 2018 for a Final Approval Hearing pursuant to the Court's Preliminary Approval Order (ECF No. 120). The Court carefully reviewed all of the filings related to the Settlement and heard argument on the Joint Motion for Final Approval and Plaintiffs' Application for Service Awards and for Class Counsel's Attorneys' Fees and Expenses.

After full consideration of the Motion for Final Approval and the presentations of the Parties, the Court concludes that this Settlement provides

substantial recovery for the Settlement Class Members and is a good result under the circumstances and challenges presented by the Action, and is not a product of collusion. The Court specifically concludes that the Settlement is fair, adequate, and reasonable compromise of the claims filed for the benefit of the Settlement Class Members. The Settlement complies with Federal Rule of Civil Procedure 23(e). Therefore, the Court **grants** the joint motion (**ECF No. 121**), and grants Final Approval of the Settlement, certifies the Settlement Class, authorizes the payment of Service Awards in the reduced amount of $3,500 to Lisa Mollicone and $1,500 to Millie Land, and awards attorneys' fees and costs to Class Counsel ("Final Approval Order").

The Court now makes the findings of fact and conclusions of law set forth in this Final Approval Order granting the Motion for Final Approval, and ORDERS AND ADJUDGES as follows:

### **Final Approval of Settlement**

1. All of the definitions contained in the Parties Settlement Agreement shall apply to this Final Approval Order and are incorporated by reference as if fully set forth herein.

2. This Court has jurisdiction over the subject matter of this Action, the Settlement Class, and over individuals and entities undertaking affirmative obligations under the Settlement.

3. This Court approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause), and all other applicable law, including the six factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).[1] Following the completion of the Notice Plan, there has been one objection by Pamela Sweeney to the Settlement, which the Court finds lacks merit. In addition, Ms. Sweeney did not submit a claim, and therefore lacks standing to object. Accordingly, the objection (**ECF No. 123**) is **overruled**. As the Settlement is in the best interests of the Parties and the Settlement Class, the Court directs the Parties and their counsel to implement and consummate the

---

[1] The Eleventh Circuit has identified six factors to be considered in analyzing the fairness, adequacy, and reasonableness of a class action settlement under Rule 23(e): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

Settlement in accordance with the terms and conditions of the Settlement Agreement.

## Certification of Settlement Class

4. Pursuant to Federal Rule of Civil Procedure 23, the Settlement Class consists of:

> All persons in the United States who purchased, at any time between September 29, 2012 and April 13, 2018, one or more of the subject Adore Products marketed as containing a plant stem cell formula. Excluded from the Settlement Class are: (1) all judges and magistrates who have presided or are presiding over this action (or the judge or Magistrate presiding over the action through which this matter is presented for settlement); (2) the defendants, defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) retailers of the Adore Products; (4) persons who properly execute and file a timely Request for Exclusion from the class; and (5) legal representatives, successors or assigns of any such excluded person.

5. The Settlement Class, as previously provisionally certified, satisfies all the requirements contained in Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order (ECF No. 120), which is incorporated into this Final Approval Order by this reference.

6. As such, the Court finds, for settlement purposes only, that: (a) the Settlement Class as defined is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class Members; (e) Plaintiffs allege that Defendants have acted on grounds that apply generally to the class; (f) the questions of law or fact common to the Settlement Class predominate over the questions affecting on individual Settlement Class Members; and (g) certification of the Settlement Class is superior to the other methods for the fair and efficient adjudication of the controversy.

## Dismissal and Release

7. Except for the individual claims of those who duly opted-out of the Settlement Class (identified in Exhibit 1 to this Final Approval Order), the

Court **dismisses** this Action on the merits and **with prejudice** as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members and Releasing Parties (as defined in Paragraph 2.1(DD) of the Agreement) for all Released Claims (as defined in Paragraph 2.1(CC) of the Agreement) against Defendants and all Released Persons (as defined in Paragraph 2.1(EE) of the Agreement). The detailed release language is found in Section VII of the Agreement.

8.     The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

9.     Members of the Settlement Class who the Settlement Administrator has determined are Settlement Class Claimants shall be entitled to receive their portion of the Settlement Fund, in accordance with the procedures set forth in the Settlement Agreement.

### Attorneys' Fees and Service Awards

10.    Class Counsel's request for attorneys' fees is granted as being both appropriate and reasonable under the factors set forth in *Camden I Condominium Assn. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991).[2] The requested percentage from the Settlement Fund is reasonable, considering the results obtained, the nature of the case, and Class Counsel's significant work in this case and experience in litigating class actions. It was necessary for Class Counsel, who undertook representation of the Plaintiffs and the putative class on a purely contingent fee basis, to conduct research and discovery supporting the claims asserted and the class-wide damages claimed, and to persuade Defendants that class claims were meritorious despite Defendants' planned defenses. Prevailing in this case was by no means assured, given the substantial defenses that Defendants would have pursued. Extensive

---

[2] The Eleventh Circuit's factors for evaluating the reasonableness of attorneys' fees awarded to class-action counsel are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

settlement negotiations occurred between the parties. Defendants are represented by sophisticated counsel, who were zealously defending this case and were prepared to continue to do so. Notwithstanding, Class Counsel obtained a substantial settlement on behalf of the Settlement Class.

11. Therefore, Class Counsel is awarded $281,223.18 in attorneys' fees from the gross Settlement Fund, consisting of 31.9% of the total Settlement Fund. This percentage accurately reflects the percentage figures of contingency fees attorneys commonly received in the Southern District of Florida and the Eleventh Circuit, and are within the range of reasonableness discussed in *Camden I.* 946 F.2d at 774-75. *See Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1210 (S.D. Fla. 2006) (emphasis added) (awarding fees equaling 31⅓%); *Legg v. Laboratory Corp. of America*, 14-cv-61543-RLR, ECF No. 227, p.7 (S.D. Fla. Feb. 18, 2016) (awarding one-third of gross recovery for attorneys' fees, plus expenses); *Gevaerts v. TD Bank, N.A.*, No. 11:14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, at *27 (S.D. Fla. Nov. 5, 2015) (finding that a request for 30% of a $20 million dollar fund is justified); *Wolff v. Cash 4 Titles*, No. 03-22778- CIV, 2012 WL 5290155, at *5-6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third.") (citing Circuit case law and listing Southern and Middle District of Florida attorneys' fees awards).

12. Further, the Court finds that Class Counsel's request for reimbursement of $18,776.72 in expenses to be reasonable and that the expenses were incurred in furtherance of the Action.

13. The Court also finds that Class Counsel's request that Service Awards be paid to the Class Representatives is appropriate, however, at a slightly reduced amount. Therefore, Plaintiff Millie shall be paid a service award of $1,500.00] from the Settlement Fund and Plaintiff Lisa Mollicone shall be paid a service award of $3,500.00, consistent with the terms of the Settlement Agreement.

## **Further Matters**

14. Without affecting the finality of the Final Approval Order in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement; (b) this Action until the judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; and (c) the Parties and all parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement. Neither Plaintiffs nor Defendants shall be barred from pursuing claims for breach of the Settlement before this Court.

15. Nothing in this Final Approval Order or the Agreement shall be construed as an admission or concession by either Party. Defendants have

denied all of Plaintiffs' allegations, continue to deny such allegations, and deny any liability or wrongdoing of any kind in this matter. Plaintiffs continue to believe their allegations have merit. The Agreement and this resulting Final Approval Order represent a compromise of the vigorously disputed allegations.

16. Except as expressly provided herein, each Party is to bear its own costs.

17. Pursuant to Federal Rule of Civil Procedure 58(a), the Court will enter Final Judgment in a separate document. The Clerk of Court is directed to **close this case**.

## Conclusion

For the foregoing reasons, the Court: (1) grants Final Approval to the Settlement; (2) appoints Plaintiffs Lisa Mollicone and Millie Land as Class Representatives; (3) appoints as Class Counsel the Law Offices of Ronald A. Marron, APLC and Cullin O'Brien Law, PA; (4) overrules the objection by Pamela Sweeney; (5) awards a Service Award to Plaintiff Lisa Mollicone in the amount of $3,500; (6) awards a Service Award to Plaintiff Millie Land in the amount of $1,500; (7) awards Class Counsel attorneys' fees in the amount of $281,223.18, plus reimbursement of litigation costs and expenses in the amount of $18,776.72; (8) directs Class Counsel, Plaintiffs, and Defendants to implement and consummate the Settlement pursuant to its terms and conditions; (9) retains continuing jurisdiction over Plaintiffs, the Settlement Class Members, and Defendants to implement, administer, consummate and enforce the Settlement and this Final Approval Order; and (10) will separately enter Final Judgment dismissing the Action with prejudice.

**Done and ordered** at Miami, Florida, on August 13, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

**EXHIBIT 1**

Karen Connelly
Warner Robins, GA

Pam Litke
Oakland, CA

Miguel Aguero
El Paso, TX

Alan Kirsch
Royal Palm Beach, FL

David Carter
Irvine, CA

Cindy Greco
Cos Cob, CT